### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LUIS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 3451 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Gettleman |
| M. J. McCAFFERTY, Star No. 9216, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Valdez |
| J. C. ALVARADO, Star No. 17261, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendants Michael McCafferty and Juan Alvarado (collectively "Individual Defendants"), by and through one of their attorneys, Shneur Z. Nathan, hereby submit the foregoing Answer to Plaintiff's Complaint:

### JURISDICTION and VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:        Individual Defendants admit that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983, but deny that the United States Constitution provides Plaintiff with a direct cause of action. Individual Defendants admit that Plaintiff's Complaint purports to seek relief for certain acts, but deny any wrongful conduct.**

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:        Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

3.      Venue is proper under 28 U.S.C. § 1391 (b).  All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**    **Individual Defendants lack sufficient knowledge or information to form a belief as to the location of Plaintiff's residence. Individual Defendants admit the remaining allegations contained in the above paragraph.**

## PARTIES

4.    At all times relevant hereto, Plaintiff Luis Cruz was a 44 year-old male resident of Chicago, Illinois.

**ANSWER:**    **Individual Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in the above paragraph.**

5.    At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment.

**ANSWER:**    **Individual Defendants admit the allegations set forth in the above paragraph.**

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    **Individual Defendants admit the allegations set forth in the above paragraph.**

## FACTUAL ALLEGATIONS

7.    On or about June 19, 2007, Defendant Officers were called to the residence of 4738 W. Armitage, Chicago, Illinois, pursuant to a 911 emergency call of a domestic disturbance.

**ANSWER:**    **Individual Defendants deny the call was classified as a domestic disturbance, but admit the remaining allegations set forth in the above paragraph.**

8.    Pursuant to this 911 emergency call, Defendant Officers proceeded to arrest Plaintiff and take him into custody.

**ANSWER:**    **Individual Defendants admit that plaintiff was arrested after a 911 call, but deny the above paragraph accurately describes the sequence of events and further deny any**

2

**wrongful conduct.**

9.    Defendant Officers proceeded to place the handcuffs in an overly restrictive, aggressive, and disabling manner despite being informed by Plaintiff that he suffered from disabling arthritis and osteoporosis.

**ANSWER:    Individual Defendants deny the allegations set forth in the above**

**paragraph.**

10.    During the arrest of Plaintiff Luis Cruz, Defendant Officers additionally, and without provocation by Plaintiff, forcefully and aggressively slammed his person onto the cement ground causing Plaintiff to be severely injured.

**ANSWER:    Individual Defendants deny the allegations set forth in the above**

**paragraph.**

11.    At no time did Plaintiff Luis Cruz resist this arrest and at no time was Plaintiff visibly injured or bleeding on his body before his encounter with Defendant Police Officers.

**ANSWER:    Individual Defendants admit that Plaintiff did not resist arrest, but deny**

**the remaining allegations set forth in the above paragraph.**

12.    As a result of the injuries inflicted upon Plaintiff Luis Cruz by the Defendant Officers, an ambulance was called to the scene of Plaintiff's arrest and he was transported to Resurrection Health Care Hospital in order to be treated for the injuries he received by Defendant Officers.

**ANSWER:    Individual Defendants admit they called an ambulance to the scene of**

**Plaintiff's arrest, but deny the remaining allegations set forth in the above paragraph.**

13.    Plaintiff was then transported to the 25th District Chicago Police Station where he was charged with domestic battery in violation of 720 ILCS 5.0/12-3.2-A-2.

**ANSWER:    Individual Defendants admit Plaintiff was ultimately transported to the**

**25th District and charged with domestic battery, but deny the remaining allegations set forth in**

**the above paragraph.**

14.    On July 19, 2007, this charge was dismissed against Plaintiff.

**ANSWER:    Individual Defendants lack sufficient knowledge or information to form**

a belief as to the truth or falsity of the allegations contained in paragraph.

### Count 1-42 U.S.C. § 1983 - Excessive Force

15.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**    **Individual Defendants reassert their answers to paragraphs 1 through 14 and incorporate those answers herein as their answer to paragraph 15, as though fully stated.**

16.    On June 19, 2007, Defendant Officers subjected Plaintiff to excessive force.

**ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

17.    The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

**ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

18.    The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers

4

fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    **Individual Defendants make no answer to this paragraph because it is not directed at them. To the extent an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

19.    As a result of the unjustified and excessive use of force, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

**ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

### Count II - 42 U.S.C. § 1983 - Failure to Intervene

20.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**    **Individual Defendants reassert their answers to paragraphs 1 through 14 and incorporate those answers herein as their answer to paragraph 20, as though fully stated.**

21.    During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

**ANSWER:**    **Individual Defendants deny they committed any wrongful conduct and**

therefore deny the allegations set forth in the above paragraph.

22.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiffs constitutional rights.

**ANSWER:**      **Individual Defendants deny they committed any wrongful conduct and**

**therefore deny the allegations set forth in the above paragraph.**

23.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.   As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.   As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.   The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.   As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.   As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained" and,

     h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights

**ANSWER:**     **Individual Defendants make no answer to this paragraph because it is not directed at them. To the extent an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

24.    As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER:**     **Individual Defendants deny they committed any wrongful conduct and therefore deny the allegations set forth in the above paragraph.**

**Count III - 42 U.S.C. § 1983 Conspiracy**

25.    Plaintiff re-alleges paragraph 1 through 14 as if fully repleaded herein.

**ANSWER:**     **Individual Defendants reassert their answers to paragraphs 1 through 14 and incorporate those answers herein as their answer to paragraph 25, as though fully stated.**

26.    Defendant Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

**ANSWER:**     **Individual Defendants deny the allegations set forth in the above paragraph.**

27.    Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

**ANSWER:**     **Individual Defendants deny the allegations set forth in the above paragraph.**

28.    Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER:**     **Individual Defendants deny any conspiracy occurred and therefore deny**

7

the allegations set forth in the above paragraph.

29.    Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the illegal seizure, detention, assault, and search of Plaintiff on July 5, 2006, as more fully alleged in the preceding paragraphs.

ANSWER:    Individual Defendants deny the allegations set forth in the above

paragraph.

30.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise l municipal policy, Officers of the Chicago Police Department abuse I citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating

the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

31.    This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

**ANSWER:    Individual Defendants make no answer to this paragraph because it is not directed at them. To the extent an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

### Count IV - Battery

32.    Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:    Individual Defendants reassert their answers to paragraphs 1 through 14 and incorporate those answers herein as their answer to paragraph 32, as though fully stated.**

33.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:    Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

34.    Defendant Officers maliciously, willfully, wantonly, and without lawful justification or authority caused physical injuries to Plaintiff. Additionally, these Defendant Officers knew with reasonable certainty that their actions would cause Plaintiff physical harm.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

35.    Defendant Officers were acting as employees of Defendant City of Chicago and within the scope of their employment when they physically assaulted Plaintiff on June 19, 2007. Plaintiff suffered severe injuries as a result of said intentional battery.

**ANSWER:    Individual Defendants admit they were employees of the City of**

9

Chicago and acting within the scope of their employment at all relevant times, but deny the

remaining allegations set forth in the above paragraph.

### Count V - Intentional Infliction of Emotional Distress

36.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:     Individual Defendants reassert their answers to paragraphs 1 through 14**

**and incorporate those answers herein as their answer to paragraph 36, as though fully stated.**

37.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title
28, United States Code §1367.

**ANSWER:     Individual Defendants admit that jurisdiction is proper in the United**

**States District Court for the Northern District of Illinois.**

38.     Defendant Officers' excessive force was committed with intentional disregard for
Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:     Individual Defendants deny the allegations set forth in the above**

**paragraph.**

39.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that
there was a high probability that their conduct would cause him severe emotional distress and mental
anguish.

**ANSWER:     Individual Defendants deny the allegations set forth in the above**

**paragraph.**

40.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered
extensive damages, including but not limited to severe physical and emotional harm, legal and other
out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:     Individual Defendants deny the allegations set forth in the above**

**paragraph.**

### Count VI - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

**Individual Defendants make no answer to this count because it is not directed at**

them.

WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's Complaint, award Individual Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

## AFFIRMATIVE AND 12(b)(6) DEFENSES

1.      Individual Defendants are entitled to qualified immunity.  Individual Defendants are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

2.      As to all state law counts, under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.  745 ILCS 10/2-202 (2006).

3.      Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because the decision to arrest and respond with reasonable force against Plaintiff's unlawful resisting of arrest, based upon the information and circumstances known to Individual Defendants at the time, was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201 (2006).

4.      Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his

employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5.      Any award of damages against the Individual Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

6.      Count V of Plaintiff's Complaint fails to state a claim upon which relief may be granted because the facts alleged by Plaintiff are not extreme and outrageous under Illinois law.

7.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## **JURY DEMAND**

**Individual Defendants demand trial by jury.**

Respectfully submitted,

Michael McCafferty
Juan Alvarado

BY:

/s/ Shneur Nathan
SHNEUR NATHAN
Assistant Corporation Counsel
Attorney for Individual Defendants

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (Fax)
Atty. No. 06294495

12

CERTIFICATE OF SERVICE

I, Shneur Z. Nathan, an attorney, hereby certify that on August 8, 2008, I caused **INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND** to be served upon all counsel of record by filing the same before the Court via the ECF system.

/s/ *Shneur Z. Nathan*
Shneur Z. Nathan

13