UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 1297 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Zagel |
| M. J. McCAFFERTY, Star No. 9216, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Ashman |
| J. C. ALVARADO, Star No. 17261, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer to Plaintiff's Complaint, states:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff s rights as secured by the United States Constitution.

**ANSWER:** The City admits that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983, but denies that the United States Constitution provides Plaintiff with a direct cause of action and denies that the City has violated any law or statute.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** The City admits the allegations contained in this paragraph.

3. Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to whether the Plaintiff resides in this judicial district. The City admits the remaining allegations in this paragraph.

## PARTIES

4.     At all times relevant hereto, Plaintiff Luis Cruz was a 44 year-old male resident of Chicago, Illinois.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5.     At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment.

**ANSWER:** The City admits that Defendant Officers McCafferty and Alvarado were employed by the City as police officers at all times relevant to the Complaint. The City further admits, on information and belief, that at all times relevant to the Complaint, Defendant Officers McCafferty and Alvarado were acting in the scope of their employment and under color of state law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** The City admits that it is a municipal corporation duly incorporated under the laws of the State of Illinois. The City further admits that Defendant Officers McCafferty and Alvarado are employed by the City as police officers. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## FACTUAL ALLEGATIONS

7.  On or about June 19, 2007, Defendant Officers were called to the residence of 4738 W. Armitage, Chicago, Illinois, pursuant to a 911 emergency call of a domestic disturbance.

**ANSWER:** The City admits that, according to Chicago Police Department documents, Defendant Officers were called to the residence of 4738 W. Armitage on June 19, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

8.  Pursuant to this 911 emergency call, Defendant Officers proceeded to arrest Plaintiff and take him into custody.

**ANSWER:** The City admits that, according to Chicago Police Department documents, Defendant Officers arrested Plaintiff at 4738 W. Armitage on June 19, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

9.  Defendant Officers proceeded to place the handcuffs in an overly restrictive, aggressive, and disabling manner despite being informed by Plaintiff that he suffered from disabling arthritis and osteoporosis.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. During the arrest of Plaintiff Luis Cruz, Defendant Officers additionally, and without provocation by Plaintiff, forcefully and aggressively slammed his person onto the cement ground causing Plaintiff to be severely injured.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. At no time did Plaintiff Luis Cruz resist this arrest and at no time was Plaintiff visibly injured or bleeding on his body before his encounter with Defendant Police Officers.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12.     As a result of the injuries inflicted upon Plaintiff Luis Cruz by the Defendant Officers, an ambulance was called to the scene of Plaintiffs arrest and he was transported to Resurrection Health Care Hospital in order to be treated for the injuries he received by Defendant Officers.

**ANSWER:** The City admits that, according to Chicago Police Department documents, an ambulance was called to the scene of Plaintiff's arrest at 4738 W. Armitage on June 19, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

13.     Plaintiff was then transported to the 25th District Chicago Police Station where he was charged with domestic battery in violation of 720 ILCS 5.0/12-3.2-A-2.

**ANSWER:** The City admits that, according to Chicago Police Department documents, Plaintiff was transported to the 25th District Station and charged with domestic battery. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

14.     On July 19, 2007, this charge was dismissed against Plaintiff.

**ANSWER:** The City admits that, according to records from the Circuit Court of Cook County, charges against the Plaintiff were Stricken Off, With Leave to Reinstate on June 19, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Count 1-42 U.S.C. S 1983 - Excessive Force

15.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:** The City incorporates its answers to paragraphs 1 through 15.

16.      On June 19, 2007, Defendant Officers subjected Plaintiff to excessive force.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17.      The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.      The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records

5

    which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

  g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

  h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. The City denies the remaining allegations in paragraph 18, including all of its subparts.

  19. As a result of the unjustified and excessive use of force, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

**ANSWER:** The City denies it the allegations of this paragraph as directed towards it. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Count II - 42 U.S.C. § 1983 - Failure to Intervene

  20. Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:** The City incorporates its answers to paragraphs 1 through 14.

  21. During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the

6

truth of the allegations of this paragraph.

22.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiffs constitutional rights.

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
   c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
   d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;
   e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
   f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;
   g. As a matter of express policy, the City of Chicago refuses to take into

      consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained" and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. The City denies the remaining allegations in paragraph 23, including all of its subparts.

24.    As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## Count III - 42 U.S.C. $ 1983 Conspiracy

25.    Plaintiff re-alleges paragraph 1 through 14 as if fully repleaded herein.

**ANSWER:** The City incorporates its answers to paragraphs 1 through 14.

26.    Defendant Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

**ANSWER:** The City denies it the allegations of this paragraph as directed towards it. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

27.    Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff

of his right of due process, as guaranteed by the constitution.

**ANSWER:** The City denies it the allegations of this paragraph as directed towards it. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

28. Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER:** The City denies it the allegations of this paragraph as directed towards it. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

29. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the illegal seizure, detention, assault, and search of Plaintiff on July 5, 2006, as more fully alleged in the preceding paragraphs.

**ANSWER:** The City denies it the allegations of this paragraph as directed towards it. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

30. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise l municipal policy, Officers of the Chicago Police Department abuse I citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained", and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. The City denies the remaining allegations in paragraph 23, including all of its subparts

31.    This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

**ANSWER:** The City denies it the allegations of this paragraph as directed towards it. The City lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph.

### Count IV - Battery

32.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:** The City incorporates its answers to paragraphs 1 through 14.

33.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** The City admits the allegations contained in this paragraph.

34.     Defendant Officers maliciously, willfully, wantonly, and without lawful justification or authority caused physical injuries to Plaintiff. Additionally, these Defendant Officers knew with reasonable certainty that their actions would cause Plaintiff physical harm.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

35.     Defendant Officers were acting as employees of Defendant City of Chicago and within the scope of their employment when they physically assaulted Plaintiff on June 19, 2007. Plaintiff suffered severe injuries as a result of said intentional battery.

**ANSWER:** The City admits that Defendant Officers McCafferty and Alvarado were employed by the City as police officers at all times relevant to the Complaint. The City further admits, on information and belief, that at all times relevant to the Complaint, Defendant Officers McCafferty and Alvarado were acting in the scope of their employment and under color of state law. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Count V - Intentional Infliction of Emotional Distress

36.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:** The City incorporates its answers to paragraphs 1 through 14.

37.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:**  The City admits the allegations contained in this paragraph.

38.     Defendant Officers' excessive force was committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

39.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**  The City denies it the allegations of this paragraph as directed towards it.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

40.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**  The City denies it the allegations of this paragraph as directed towards it.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

**Count VI - State Law Claims Against Defendant City**
***Respondeat Superior* and Indemnification**

41.     Plaintiff re-alleges paragraphs 1 through 14 as if fully repleaded herein.

**ANSWER:**  The City incorporates its answers to paragraphs 1 through 14.

42.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** The City states that the allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied.

43. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:** The City admits that Defendant Officers McCafferty and Alvarado were employed by the City as police officers at all times relevant to the Complaint. The City further admits, on information and belief, that at all times relevant to the Complaint, Defendant Officers McCafferty and Alvarado were acting in the scope of their employment and under color of state law. The City states that the remaining allegation of this paragraph contains a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law and therefore this allegation is deemed denied.

**WHEREFORE**, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton

conduct. 745 ILCS 10/2-202 (2006).

3.  Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4.  Defendant City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care. 745 ILCS 10/4-105 (2006).

5.  To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

6.  To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

7.  As to Plaintiff's state law claims, the City is not liable to pay attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and they ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill2d. 154, 166 (1979) (citations omitted).

8.  Under state law, the City is not liable for conduct committed by employees not acting within the scope of their employment. Wright v. City of Danville, 174 Ill.2d 392, 221 Ill.Dec. 203, 675 N.E.2d 110 (1996).

9.	Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under Section 1983 for its employees' misconduct.

10.	The City is not liable under Section 1983 if plaintiff does not prove any violation of her constitutional rights.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

## JURY DEMAND

The Defendant, City of Chicago, requests a trial by jury.

> Respectfully submitted,
> MARA S. GEORGES,
> Corporation Counsel, City of Chicago
>
> By:	/s/ *Megan K. McGrath*
> MEGAN K. McGRATH
> Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 742-3541
Attorney No.  06288408